UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE GORIS,

                                      Petitioner,

            v.                                   9:07-CV-0814
                                                       (GLS)(DEP)

DIRECTOR OF I.N.S.,

                                      Respondent.
_____

APPEARANCES:

JORGE GORIS
Petitioner, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION AND ORDER

      The Clerk has sent to the Court for review a petition submitted by Jorge Goris together with an application to proceed with this matter *in forma pauperis.* Dkt. No. 1. Petitioner is presently confined at Mohawk Correctional Facility. Petitioner filed his petition in the United States District Court for the Eastern District of New York. By Order of District Judge Nicholas G. Garaufis filed August 9, 2007, this matter was transferred to the Northern District. Dkt. No. 3.

      The petition, styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenges deportation proceedings held at Ulster Correctional Facility and seeks an order of this Court staying petitioner's removal from the United States pending determination of this proceeding. Dkt. No. 1 at 1-2.

      On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub. L. No. 109-13, Div. B., 119 Stat. 231. Various provisions of this law directly impact the availability of federal judicial review of removal orders entered by administrative

immigration judges. Specifically, section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(c), was amended to clarify that district courts lack jurisdiction to review any removal order of any alien. Section 106(a)(1)(B)(5) of the REAL ID Act provides as follows:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act....

Real ID Act, § 106(a)(1)(B)(5).[1]

Since petitioner is challenging an order of removal within the meaning of the REAL ID Act, this Court has no jurisdiction to review the merits of the petition. Moreover, to the extent that petitioner is seeking a stay of his removal, this Court is also without jurisdiction to address this request for relief. "By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" *Rodney v. Gonzalez*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006).

In light of the foregoing, the petition is dismissed without prejudice to being refiled in the appropriate court of appeals.

WHEREFORE, it is hereby

---

[1] Because this action was not pending on May 11, 2005, the effective date of the Real ID Act, this Court has no authority to transfer the petition to the appropriate court of appeals. See Real ID Act of 2005 § 106(c).

2

ORDERED, that petitioner's petition challenging the order of removal is denied and dismissed without prejudice to it being refiled in the appropriate Circuit Court of Appeals, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner.

IT IS SO ORDERED.

August 20, 2007
Albany, New York

*Gary L. Sharpe*
United States District Court Judge